Albert **TAYLOR,** Plaintiff—Appellant,

v.

Gil **GARCETTI,** as former and current District Attorney for the County of Los Angeles; Steve Cooley, as former and current District Attorney for the County of Los Angeles; Mark Han Lee, Deputy District Attorney; Wayne D. Doss; County of Los Angeles, Defendants—Appellees.

No. 02–55325.

D.C. No. CV–01–05676–DT.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 2003.*

Decided Feb. 12, 2003.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. See

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

## MEMORANDUM**

Appellant Albert Taylor brought this action under 42 U.S.C. § 1983 against the former Los Angeles County District Attorney, the current District Attorney, two Deputy District Attorneys and the County of Los Angeles. Taylor alleges civil rights violations stemming from civil and criminal child support proceedings that the defendants initiated against him and that were ultimately dismissed. The District Court dismissed Taylor's First Amended Complaint with prejudice and without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6). *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). We may not dismiss the complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks and citations omitted). That standard has been met here.

The individual defendants are entitled to absolute prosecutorial immunity from Taylor's claims against them in their individual capacities. The actions of which Taylor complains arose out of the state's initiation of criminal and civil child support proceedings against him. It is well established, however, that state prosecutors are immune from liability under § 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v.*

*Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The defendants' actions in bringing criminal charges against Taylor and in civilly enforcing his child support obligations were prosecutorial in nature. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (absolute immunity depends on the nature of the function performed). Accordingly, the defendants are entitled to absolute prosecutorial immunity.

The individual defendants are also absolutely immune from suit on Taylor's claims against them in their official capacities. Although the defendants are district attorneys for the County of Los Angeles, they function as officers of the state when deciding whether to prosecute an individual. *Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir.2000). As state officers, they enjoy sovereign immunity under the Eleventh Amendment from suits against them in their official capacities when, as here, the suit is for the recovery of monetary damages from the state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Moreover, as state actors the defendants are not "persons" within the meaning of § 1983 and therefore cannot be held liable under that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Taylor therefore has failed to state a valid claim against the defendants in their official capacities.

Finally, Taylor has failed to state a claim against the County of Los Angeles. A county may not be held liable for the acts of its officers unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the county]'s offi-

---

Fed. R.App. P. 34(a)(2).

cers" or the alleged violation was committed "pursuant to governmental 'custom' even though such a custom has not received formal approval through the [county]'s official decisionmaking channels." *Redman v. County of San Diego*, 942 F.2d 1435, 1443–44 (9th Cir.1991) (internal quotation marks and citation omitted). Taylor has not alleged that the individual defendants acted pursuant to a county custom or policy when they purportedly violated his civil rights; nor has he alleged a set of facts from which we can infer the existence of a county custom or policy. Accordingly, we must affirm the dismissal of Taylor's claims against the County.

The judgment of the district court is AFFIRMED.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.