Rosemary B. GREENLAW,
Plaintiff—Appellant,

v.

COUNTY OF SANTA CLARA; Santa Clara County Office of the District Attorney; Santa Clara County Superior Court; the California Franchise Tax Board; the California Department of Child Support Services and Public Employees Thereof; Pierce County Superior Court; the State of Washington Division of Child Support and Public Employees Thereof; Daniel Milford Smith, III; John J. Durkin, Defendants—Appellees.

No. 03–16192.
D.C. No. CV–02–01330–JW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2005.*

Decided March 7, 2005.

Rosemary B. Greenlaw, San Jose, CA, pro se.

Ann Miller Ravel, Melissa R. Kiniyalocts, Esq., Santa Clara County Counsel's Office, San Jose, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM **

Rosemary Greenlaw appeals the dismissal of her claims brought under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO") and California tort laws. The district court dismissed pursuant to the *Rooker–Feldman* doctrine. Because Greenlaw does not directly challenge or seek relief from a state court ruling, the *Rooker–Feldman* doctrine does not bar her claims. *See Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003). We affirm the dismissal on other grounds.

■ The Eleventh Amendment precludes Greenlaw from recovering damages or injunctive relief against many of the defendants. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir.2003). The California Tax Board, the California Department of Child Support Services and the Washington Division of Child Support are all state agencies entitled to sovereign immunity under the Eleventh Amendment. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005). Greenlaw's claims against state courts—the Santa Clara County Superior Court and the Pierce County Superior Court—must also be dismissed based on the Eleventh Amendment. *Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir.2003). Finally, because the Santa Clara District Attorney's Office represented the state of California rather than Santa Clara County when prosecuting Greenlaw, Greenlaw's claims against that Office are also barred. *See Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir.2000). There is no indication that any of these defendants expressly or implicitly waived sovereign immunity—the state agencies and state courts have not appeared before this court or the district court and the District Attorney's Office has asserted sovereign immunity before both. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).

■ We affirm dismissal of Greenlaw's claims against Santa Clara County for failure to state a claim. Greenlaw predicated her claims against the County on actions undertaken by the Santa Clara County District Attorney's Office, but the District Attorney's Office acted on behalf of the state, not the county, when prosecuting Greenlaw.

We also affirm the district court's order of May 27, 2003 dismissing Greenlaw's claims against the remaining defendants for failure to serve process in accordance with Federal Rule of Civil Procedure 4. Greenlaw concedes that she failed to serve Smith and Durkin. She offers no proof of service on the individual public employees of the Washington Division of Child Support or the California Department of Child Support Services.

Finally, we note that factual inconsistencies and omissions in Greenlaw's complaint cast serious doubt on the merits of her claims. Greenlaw states in her complaint filed March 18, 2002, that "Smith obtain[ed] an order from Pierce County, without notice or hearing to the plaintiff, changing custody of the child to him. Ultimately, a Washington Court of Appeal confirmed that [Greenlaw] was the custodial parent and emergency jurisdiction did not exist in Washington." In fact, according

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to the Washington Court of Appeals, Greenlaw "appeared specially" to challenge the custody order, *see Greenlaw v. Smith,* 67 Wash.App. 755, 840 P.2d 223, 224 (Wash.Ct.App.1992), and the Washington Supreme Court held in 1994 that the Pierce County court did have emergency jurisdiction over the custody order. *See Greenlaw v. Smith,* 123 Wash.2d 593, 869 P.2d 1024 (Wash.1994). Additionally, Greenlaw failed to provide complete information about ongoing California proceedings regarding her child support dispute. *See, e.g., Greenlaw v. Smith,* No. H023580, 2003 WL 1914151 (Cal.Ct.App. Apr. 22, 2003).

The judgment of the district court is AFFIRMED.