**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSTANCE LONDON, | No. 10-16994 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-05148-JW |
| v. | |
| SEARS, ROEBUCK & COMPANY, an Illinois company, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Submitted November 14, 2011[**]
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and DUFFY, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, Senior District Judge for the
U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiff-Appellant Constance London (London) appeals the district court's summary judgment dismissal of her claims of wrongful termination in violation of public policy, age discrimination, defamation, and intentional infliction of emotional distress. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment to Defendant-Appellee Sears, Roebuck & Co. (Sears) as to London's age discrimination claim under the California Fair Employment and Housing Act (FEHA), Cal Gov't Code §§ 12900-12996. FEHA claims are evaluated under the three-part burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Caldwell v. Paramount Unified School Dist.*, 48 Cal. Rptr. 2d 448, 452-53 (Ct. App. 1995). London failed to state a prima facie claim because she did not demonstrate that she was performing her job adequately. To the contrary, London admitted to violating the employee discount card policy, and she was written up repeatedly for poor job performance. London also failed to state a prima facie claim because she did not allege circumstances to suggest a discriminatory motive. She produced no evidence of age discrimination; in fact, she testified in a deposition that she was not treated differently because of her age. Moreover, even

2

if London had stated a prima facie claim for discrimination, Sears articulated a legitimate, nondiscriminatory reason for the termination: London's violation of Sears's zero-tolerance discount card policy. London has provided no evidence to rebut this reason as pretextual.

The district court correctly granted summary judgment to Sears as to London's claim for termination in violation of public policy. London alleged a violation of Cal. Civ. Code §§ 1749.45 *et seq.*, which protects the rights of gift certificate and gift card holders. London's termination was unrelated to her use of the gift card. She was terminated because she violated her employer's discount card policy. Thus, her termination did not violate the public policy of this statute.

We also affirm the dismissal of London's defamation claim. London must prove "the intentional publication of a statement of fact that is *false*, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 85 Cal. Rptr. 2d 397, 402 (Ct. App. 1999) (emphasis added). London's defamation claim fails because her allegations arise from Sears's *true* statement that she was terminated for violating the discount card policy. Moreover, because London presented no evidence that Sears made the statement with malice, it is privileged under Cal. Civ. Code § 47(c). *See King v. United Parcel Service*, 60 Cal. Rptr. 3d 359, 372 (Ct. App. 2007).

3

The district court correctly dismissed London's intentional infliction of emotional distress claim. Her termination for violating a well-established company policy was not "extreme and outrageous[.]" *Christensen v. Superior Court*, 2 Cal. Rptr. 2d 79, 100 (Cal. 1991).

Because we affirm the district court's summary judgment dismissal, we need not consider London's claims for punitive damages.

**AFFIRMED.**

4