

FILED

NOT FOR PUBLICATION

DEC 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAHAI DUTCIUC,

Plaintiff - Appellant,

v.

MERITAGE HOMES OF ARIZONA,
INC., an Arizona Corporation,

Defendant - Appellee.

No. 10-17268

D.C. No. 09-cv-0866-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted December 9, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Muhai Dutciuc appeals from the district court's order of December 10, 2009,

granting defendant Meritage Homes of Arizona, Inc.'s ("Meritage") motion for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismissing his Second Amended Complaint ("SAC") with leave to amend. Dutciuc also appeals from the district court's order of September 16, 2010, granting Meritage's motion to dismiss his Third Amended Complaint ("TAC"), without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, Dutciuc appeals from the district court's order of March 1, 2011, granting Meritage's motion for attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I

Dutciuc contends that the district court erred in granting Meritage's Rule 12(c) motion and dismissing Dutciuc's SAC with leave to amend.

"It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Teamsters and Helpers Local No. 150*, 440 F.2d 1096, 1098 (9th Cir. 1971); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." *Forsyth*, 114 F.3d

2

at 1474.

After the district court granted Meritage's Rule 12(c) motion with leave to amend, Dutciuc filed his TAC omitting the diversity jurisdiction state law claims made in his SAC and alleged, for the first time, a single claim for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(b). By omitting the diversity claims made in his SAC from his TAC, Dutciuc waived his right to challenge the district court's order dismissing the SAC. Dutciuc's arguments to the contrary are not persuasive.

In light of the foregoing, we need not reach the merits of Dutciuc's challenges to the order dismissing the SAC.

**II**

Dutciuc contends that the district court erred in granting Meritage's Rule 12(b)(6) motion and dismissing his TAC without leave to amend. We review a district court's denial of leave to amend for an abuse of discretion. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). "Unless we have a definite and firm conviction that the district court committed a clear error of judgment, we will not disturb the district court's decision." *Id.* (citing *Cal. Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987)).

Although leave to amend is often freely given when justice so requires, a

district court may deny leave to amend where a plaintiff has "[r]epeated[ly] fail[ed] to cure deficiencies by amendments previously allowed." *McGlinchy*, 845 F.2d at 809-10 (holding that district court did not abuse its discretion in denying plaintiffs leave to file a second amended complaint adding causes of action where it had failed to cure deficiencies in prior amended complaints) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as . . . repeated failure to cure deficiencies by amendments previously allowed . . . – the leave sought should, as the rules require, be 'freely given'")); *see* Fed. R. Civ. P. 15(a) (stating that the "court should freely give leave [to amend] when justice so requires").

In its order dismissing the TAC, the district court explained that Dutciuc had already amended his complaint three times. The district court relied on *McGlinchy* for the proposition that a plaintiff's repeated failure to cure deficiencies by amendments previously allowed is a valid reason to deny leave to amend. Dutciuc has not shown that the district court abused its discretion in dismissing the TAC without leave to amend.

### III

Dutciuc argues that the district court erred in granting Meritage's motion for attorneys' fees because it relied on Arizona, rather than California, law. Meritage

contends that this Court lacks jurisdiction over Dutciuc's appeal from the district court's order of March 1, 2011, awarding attorneys' fees to Meritage, because Dutciuc failed to file a timely notice of appeal from the district court's order. Dutciuc also failed to amend his earlier-filed notice of appeal to include an appeal from the district court's order of March 1, 2011. We agree.

"Where no notice of appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order." *Culinary & Serv. Emp. Union, Local 555 v. Hawaii Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982). Since no appeal was taken from the district court's order granting the motion for attorneys' fees, we are without jurisdiction to decide if the district court abused its discretion.

**AFFIRMED.**