**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH McINERNEY,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>CITY AND COUNTY OF SAN<br>FRANCISCO; SPAIN, Officer # 1247;<br>COX, Sgt., # 287; TIDES CENTER;<br>DISH; DOUG GARY; SEAN HUGHES;<br>WOLFGANG STUWE,<br><br>            Defendants - Appellees. | No. 10-16864<br><br>D.C. No. 3:09-cv-00430<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 19, 2011 [**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Joseph McInerney timely appeals pro se from the district court's judgment in

his 42 U.S.C. § 1983 action, which arose from his arrest for trespassing at the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

LeNain hotel. The district court granted summary judgment to defendants Cox, Spain, and the City and County of San Francisco. It dismissed with prejudice the claims against defendants Buckley, Fong, and Stuwe.[1] It dismissed without prejudice McInerney's state law claims, and his claims against unserved defendants Tides Center, Dish, Hughes, and Gary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

McInerney contends that the district court improperly excluded evidence of an unlawful search of his backpack, but he does not identify– and we could not locate– any motion seeking to offer that evidence, nor any order excluding it. Because this contention was not accompanied by sufficient reasons or argument, we deem it waived. *See* Fed. R. App. P. 28(a)(9)(A)*; Katie A., ex rel. Ludin v. L.A. Cnty.*, 481 F.3d 1150, 1161 n.21 (9th Cir. 2007).

McInerney contends that the district court should not have required him to show excusable neglect for his failure to serve some of the defendants. We review a dismissal for failure to effect service under Federal Rule of Civil Procedure 4(m)

---

[1] Buckley, Fong and Stuwe were not served, but the district court dismissed the federal claims against them with prejudice in light of the court's conclusions with respect to the motion for summary judgment. On appeal, McInerney does not challenge that dismissal. Instead, he claims that the marshal should have served Buckley. This argument fails because McInerney never showed that he requested that Buckley be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. O'Connor*, 515 U.S. 472, 483–84 (1995).

for abuse of discretion. *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). It was McInerney's responsibility to provide the marshal with information sufficient to identify the defendants. *See Walker*, 14 F.3d at 1422. Because McInerney did not establish that he did so, and did not explain his failure to do so, the district court properly dismissed without prejudice his claims against unserved defendants Tides Center, Dish, Hughes, and Gary. *See Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009); *Walker*, 14 F.3d at 1422.

We review a summary judgment de novo. *See Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). The district court properly entered judgment on McInerney's false arrest claim because the officers had probable cause to arrest him for trespassing in violation of California Penal Code § 602(o). *See* Cal. Penal Code § 836(a)(1)*; Edgerly v. City and Cnty. of S.F.*, 599 F.3d 946, 953 (9th Cir. 2010)*; Blankenhorn v. City of Orange*, 485 F.3d 463, 474–75 (9th Cir. 2007). McInerney acknowledged that he refused to leave the LeNain after being asked to do so by both Hughes, who was in charge, and the police officers; he also acknowledged that access to the LeNain was regulated by a door buzzer. *See Blankenhorn*, 485 F.3d at 474–75. McInerney cannot defeat summary judgment when he presented no evidence that the LeNain was open to the public, and likewise presented no evidence that Hughes did not have authority, as the owner's

agent, to bar him from the premises. *See* Cal. Penal Code § 602(o); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers" cannot defeat summary judgment).

McInerney failed to provide sufficient evidence that the officers used unreasonable force in arresting him, as required for his excessive force claim. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921–22 (9th Cir. 2001). McInerney testified at his deposition that the handcuffs were merely uncomfortable, and were removed at his request. He did not claim that they were excessively tight or caused him injury. *Cf. Wall v. Cnty. of Orange*, 364 F.3d 1107, 1109–10, 1112 (9th Cir. 2004). According to McInerney, after he was handcuffed, an officer "tried to strongarm [him]" and grabbed his arm as he led McInerney to the police van. The officer removed his hand at McInerney's request. To the extent any force was used, it "was patently reasonable and commensurate with what was needed," especially in light of McInerney's earlier, repeated refusals to leave the premises. *See Johnson v. Cnty. of L.A.*, 340 F.3d 787, 793 (9th Cir. 2003); *Arpin*, 261 F.3d at 921–22.

The district court properly granted summary judgment to San Francisco because McInerney failed to demonstrate that he was deprived of any of his

constitutional rights.  *See Jackson v. City of Bremerton*, 268 F.3d 646, 653–54 (9th Cir. 2001).

We review the district court's decision to decline supplemental jurisdiction for abuse of discretion.  *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).  There was no abuse of discretion because the district court had dismissed or granted judgment on all of McInerney's federal claims.  *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

**AFFIRMED**.