**Niveen ISMAIL**

v.

**COUNTY OF ORANGE and Orange County District Attorney Elizabeth Costello et al.**

**No. CV11–01751–VBF.**

United States District Court, C.D. California.

Oct. 18, 2012.

Alvin M. Gomez, Gomez Law Group, Del Mar, CA, for Plaintiff.

John P. Donovan, Matthew B. Golper, Koeller, Nebeker, Carlson & Haluck, Irvine, CA, for Defendants.

ORDER GRANTING MOTION TO DISMISS ALL FEDERAL CLAIMS AGAINST COUNTY OF ORANGE AND ORANGE COUNTY DISTRICT ATTORNEY COSTELLO, AND DECLINING SUPPLEMENTAL JURISDICTION OVER ALL STATE–LAW CLAIMS AGAINST COUNTY OF ORANGE AND ORANGE COUNTY DISTRICT ATTORNEY COSTELLO

VALERIE BAKER FAIRBANK, District Judge.

Linda Kanter

Courtroom Deputy

None Present

Court Reporter

For the reasons that follow, the Court finds it appropriate to dismiss all federal-law claims against defendants County of Orange and Orange County District Attorney Elizabeth Costello (collectively "the OC Defendants") and to decline supplemental jurisdiction over all state-law claims against the OC Defendants.

This is a civil-rights action arising under both federal and state law, and the Court has subject-matter jurisdiction under 28 U.S.C. § 1331. The plaintiff, Niveen Ismail, filed the original complaint in November 2011 (Doc 1). In March 2012, she filed the first amended complaint, dropping District Attorney Beth Carmichael as a defendant (Doc 4).[1] In July 2012, this Court granted the plaintiff's FED. R. CIV. P. 41(a)(1) motion to voluntarily dismiss all claims against defendants Kenneth Gordon and Lisa Gordon in both their official and individual capacities (Docs 51 and 57). On August 3, 2012, the Court dismissed defendant Robert Henry Young upon the joint stipulation of the parties (Docs 59–62).

On August 8, 2012, the plaintiff filed the second amended complaint ("SAC"), which is now her operative pleading, apparently purporting to assert the following federal claims under 42 U.S.C. § 1983: illegal search and seizure in violation of the Fourth Amendment, false arrest, false imprisonment, malicious prosecution, excessive bail in violation of the Eighth Amendment, and "*Monell*-related claims" against defendant City of Newport Beach and defendant Orange County alone (Doc 65). The SAC also appears to assert state-law claims for false arrest and false imprisonment, and a claim for civil conspiracy to deprive the plaintiff of her federal constitutional rights. *See id.* On all nine counts the plaintiff seeks punitive damages, along with other relief, *see* SAC at 20–23, and she demands a jury trial, *see id.* at 24.

The Court is in receipt of two motions: (1) the Motion to Dismiss the Second Amended Complaint filed on September 12, 2012 by the OC Defendants (Doc 71); and (2) the Motion to Dismiss the Second Amended Complaint filed on September 10, 2012 by defendants City of Newport Beach, Newport Beach Police Department, Newport Beach Detective Penny Freeman, and Newport Beach Police Officer Neil Schuster, each in their official and individual capacities (collectively "the Newport Beach Defendants") (Doc 69). The plaintiff has filed a separate brief opposing each motion, and each group of defendants has filed a reply brief in support of its motion. *See* Docs 72–75.

On October 9, 2012, this Court issued an order finding that these matters are appropriate for decision without oral argument and vacating the hearing previously scheduled. Today the Court will rule on the OC Defendants' motion. The Court will rule on the Newport Beach Defendants' motion in a separate Order.

*Background and Procedural History.*

In December 2009, plaintiff was charged with felony kidnapping and felony solicitation of the kidnapping of her biological son in violation of Cal.Penal Code §§ 207(a), 653F(a), and 664(a), following an investigation by defendant Newport Beach Police Department which she describes as "faulty." *See* SAC ¶¶ 25 and 41. Namely,

---

1. The case was initially referred to the United States Magistrate Judge for all pretrial matters, including a Report and Recommendation on potentially dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B). The referral was withdrawn in June 2012, however, because the plaintiff retained counsel. *See* Doc 47.

plaintiff alleges that if defendant Officer Freeman had conducted a thorough investigation and interrogation of (dismissed defendant) Private Investigator Robert Young, he would have realized that Young was unreliable and untrustworthy. *See id.* ¶¶ 17 and 21.

The Office of the Orange County District Attorney ("OCDA") recommended that the state court detain plaintiff without bail; the court set bail at $1 million but reduced it to $150,000 three months later in March 2010. *See* SAC ¶¶ 25–27. The OCDA prosecuted but a jury acquitted plaintiff of the felony kidnapping charges in Case Number 10–HM–08044 in December 2011. *See* SAC ¶¶ 25 and 29.

While plaintiff was out on bail in September 2010, the OCDA charged her with several misdemeanors based on a Newport Beach Police Officer's allegation that plaintiff had violated a restraining order prohibiting her from having contact with her son A.I. *See* SAC ¶¶ 38–43. Some of the misdemeanor charges were dismissed before trial, and the state court ultimately issued a directed verdict in favor of plaintiff on the other misdemeanor charges in December 2011. *See* SAC ¶¶ 46–47.

Having been acquitted of all felony and misdemeanor charges, plaintiff now alleges that OCDA Elizabeth Costello violated and conspired to violate her federal civil rights by intentionally and maliciously arranging for plaintiff's arrest and detention, making false statements, fabricating evidence, and withholding exculpatory evidence in connection with the criminal cases against her. *See* SAC ¶¶ 43–44, 51. According to plaintiff, reasonable people in the position of Orange County, OCDA Costello, and the City of Newport Beach and its police officers, confronted with the same circumstances and evidence they faced, would have known that there was no probable cause to search, arrest, detain, or prosecute the plaintiff. *See* SAC ¶¶ 36, 50, 58.

*Legal Standard: Dismissal Pursuant to* F$_{ED}$.R.C$_{IV}$.P. *12(b)(6) for Failure to State a Claim*

Both of the OC Defendants seek dismissal of all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), which authorizes the court to dismiss a claim for "failure to state a claim on which relief can be granted." To avoid dismissal, a claim "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *In re Rigel Pharms., Inc. Securities Lit.*, 697 F.3d 869, 875 (9th Cir.2012) (*"Rigel"*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The well-pled factual allegations of the complaint are assumed to be true, *see Rigel,* 697 F.3d at 872 (citing *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 989 (9th Cir.2009)), and they are construed in the light most favorable to the plaintiff, *see Western Radio Servs. Co. v. Qwest Corp.,* 678 F.3d 970, 976 (9th Cir.2012) (*"Western Radio II"*), *pet. cert. filed on other grounds,* — U.S. —, 133 S.Ct. 758, 184 L.Ed.2d 499 (2012) (No. 12–266). However, the court need not accept as true a legal assertion couched as a factual allegation. *See Harris v. County of Orange,* 682 F.3d 1126, 1131 (9th Cir.2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Ultimately, the well-pled factual allegations "must be enough to raise a right to relief above the speculative level...." *Rigel,* 697 F.3d at 875 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). A claim has facial plausibility, for 12(b)(6) purposes, only " 'when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.'" *See Caviness v. Horizon Community Learning Center, Inc.,* 590 F.3d 806, 812 (9th Cir.2010) (quoting *Iqbal,* 556 U.S. at 677, 129 S.Ct. at 1949). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *See Iqbal,* 556 U.S. at 677, 129 S.Ct. at 1949. In short, "'[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.'" *Caviness,* 590 F.3d at 812 (quoting *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996)).

■ In assessing whether a plaintiff has carried its Rule 12(b)(6) burden, the Court is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters suitable for judicial notice, *see Rigel,* 697 F.3d at 872 (citing *Zucco Partners,* 552 F.3d at 989), as well as exhibits attached to the complaint, *see Autotel v. Nevada Bell Tel. Co.,* 697 F.3d 846, 850 (9th Cir.2012) (citing *Western Radio II,* 678 F.3d at 976).

■ Finally, if a claim for relief cannot be cured by amendment, it should be dismissed without affording the plaintiff leave to further amend.[2] "Although leave to amend should be given freely," *see* Fed.

R.Civ.P. 15(a), "a district court may dismiss without leave where the plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Shechet v. Kim,* No. 10–55631, 2012 WL 4320256, *1 (9h Cir. Sept. 21, 2012)[3] (citing *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir.2011)); *see also Harris,* 682 F.3d at 1135 ("Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency.") (citing *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9h Cir.2003)).

■ The court may also properly be more inclined to deny leave to amend where the plaintiff has already amended the complaint more than once and failed to correct deficiencies that cause the complaint to fail to state a claim on which relief can be granted. The Ninth Circuit has held that "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 n. 3 (9th Cir. 1987) (citing, *inter alia, Mir v. Fosburg,* 646 F.2d 342, 347 (9th Cir.1980) and *Fidelity Fin. Corp. v. Fed. Home Loan Bank,* 792 F.2d 1432, 1438 (9th Cir.1986)); *see also Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073, 1084 (9th Cir.) (same),

---

**2.** Now that the plaintiff is represented by counsel, she cannot avail herself of the more lenient standard applicable to *pro se* litigants who face a motion to dismiss for failure to state a claim. *See Lucas v. Dep't of Corrs.,* 66 F.3d 245, 248 (9th Cir.1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, *a pro se litigant* is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.") (citing, *inter alia, Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987)).

**3.** Ninth Circuit Rule 39–3(b) provides, "Unpublished dispositions and orders of this court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1." In turn, Federal Rule of Appellate Procedure 32.1(a) provides, "A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been (I) designated as 'unpublished,' 'not for publication,' 'not precedential,' 'not precedent,' or the like, that (ii) issued on or after January 1, 2007."

amended on other grounds, 234 F.3d 428 (9th Cir.2000); see, e.g., McGlinchy v. Shell Chem. Co., 845 F.2d 802, 809 (9th Cir.1988) (district court did not abuse its discretion by refusing to allow a second amended complaint where the first amendment had failed to cure deficiencies).[4]

*Legal Standard: Liability for Violation of Federal Civil Rights under 42 U.S.C. Section 1983*

■ Section 1983 provides remedies for "deprivations of rights under the Constitution and laws of the United States when the deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 505 (9th Cir.1989) (internal quotation marks omitted). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir.2012) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

■ In order to recover under section 1983 for conduct by the defendant, the plaintiff must show that the conduct allegedly causing the deprivation of a federal right ... [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); see also *Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The state-action requirement in section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). State action may be found if, and only if, there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir.2008) (en banc) (citing *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)).

*Discussion of the OC Defendants' Motion to Dismiss the Second Amended Complaint.*

■ The Court agrees with the OC Defendants that all of the federal-law claims against Deputy D.A. Costello in her *individual* capacity are barred by the doctrine of prosecutorial absolute immunity. On the one hand, only qualified immunity is available to prosecutors when they perform "investigative" or "ad-

---

4. See, e.g., *Smith v. Solis*, 331 Fed.Appx. 482, 482–83 (9th Cir.2009) ("The district court properly dismissed the action with prejudice because Smith's second amended complaint did not state a claim for deliberate indifference and [pro se plaintiff] Smith failed to correct the defects."); *Dutciuc v. Meritage Homes of Arizona, Inc.*, 462 Fed.Appx. 658, 660 (9th Cir.2011) (plaintiff failed to show that district court abused its discretion in refusing to allow a fourth amended complaint); *Ingram v. City of San Francisco*, 2012 WL 3257805, *3 (N.D.Cal. Aug. 8, 2012) (granting 12(b)(6) motion to dismiss and refusing to give *pro se* section 1983 plaintiff a

second chance to amend, noting, "further amendment can be denied as futile, particularly when a plaintiff has already amended the complaint once"); *Wicklund v. Page*, 2012 WL 3647960, *11 (D.Idaho July 18, 2012) (granting summary judgment to defense on § 1983 claim without leave for *pro se* plaintiff to file a second amended complaint, noting, "No explanation is given for his failure to fully develop his constitutional claims originally. [T]his Court already has given Wickland an opportunity to correct his deficient pleading."), *R & R adopted*, 2012 WL 3651138 (D.Idaho Aug. 23, 2012).

ministrative" functions unrelated to judicial proceedings, *see Burns v. Reed,* 500 U.S. 478, 483 n. 2, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991), or when they are "essentially functioning as police officers or detectives," *Waggy v. Spokane County, Washington,* 594 F.3d 707, 710–11 (9th Cir.2010) (citing *Al–Kidd v. Ashcroft,* 580 F.3d 949, 958 (9th Cir.2009) (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)).

 But prosecutors have absolute immunity from suit for any and all conduct that is "intimately associated with the judicial phase of the criminal process," *Van de Kamp v. Goldstein,* 555 U.S. 335, 343, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009) and *Botello v. Gammick,* 413 F.3d 971, 975 (9th Cir.2005), and for any actions taken in their role as advocates, *see Rehberg v. Paulk,* —— U.S. ——, 132 S.Ct. 1497, 1503, 182 L.Ed.2d 593 (2012) (J. Alito for a unanimous Court). *See also Reichle v. Howards* —— U.S. ——, 132 S.Ct. 2088, 2095, 182 L.Ed.2d 985 (2012) (J. Thomas, for the majority) ("[P]rosecutors enjoy absolute immunity for their decisions to prosecute."); *id.,* 132 S.Ct. at 2097 (J. Ginsburg, concurring in the judgment, joined by J. Breyer) (same) (citing *Hartman v. Moore,* 547 U.S. 250, 262, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)). Nor is absolute prosecutorial immunity limited to the act of initiating the prosecution or to conduct occurring in the courtroom. *See Buckley,* 509 U.S. 259, 113 S.Ct. 2606. Rather, the absolute immunity extends also to a prosecutor's pre-litigation acts pertaining to the defendant's prosecution. *See Burns,* 500 U.S. 478, 111 S.Ct. 1934. Significantly, the prosecutor's intent plays no role in the

immunity inquiry, *see Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989) (citing *McCarthy v. Mayo,* 827 F.2d 1310, 1315 (9th Cir.1987)), so immunity extends, for example, even to the deliberate withholding of exculpatory information, *see Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Likewise, absolute immunity extends to prosecutorial acts that involve malice, bad faith, or conspiracy, *see Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (*en banc* ), and to any alleged failure or refusal to adequately investigate the accusations against a defendant before filing charges, *see Broam v. Bogan,* 320 F.3d 1023, 1029 (9th Cir.2003). It is the prosecutor's burden to show that absolute immunity attaches to her performance of the functions in question. *See Lacey v. Maricopa County,* 693 F.3d 896, 912 (9th Cir.2012) (en banc) (citing *Burns,* 500 U.S. at 486, 111 S.Ct. 1934).

 In this case, the Court finds that all of the prosecutorial actions or omissions by the Deputy D.A. the plaintiff attacks as violating her federal rights constituted the performance of functions that are "intimately associated with the judicial phase of the criminal process," *Van de Kamp,* 555 U.S. at 343, 129 S.Ct. 855, and thus are protected by absolute immunity: the Deputy D.A.'s asking the court to impose high bail or no bail without just cause (SAC ¶¶ 64–65 and 71–72), dropping charges, amending a criminal complaint to add or change charges, electing to prosecute the plaintiff on both felony and misdemeanor charges, and allegedly failing to present exculpatory evidence at various phases of the prosecution. *See* SAC ¶¶ 25–26 and 43–45.[5]

---

5. In her opposition brief (Doc 72 at 6–9), the plaintiff attempts to compare the prosecutor's alleged actions and omissions here to the prosecutorial conduct which was held to be covered only by qualified immunity, rather than absolute immunity, in *Buckley v. Fitzsimmons,* 509 U.S. 259, 272, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) and *Burns v. Reed,* 500 U.S. 478, 495, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Plaintiff's argument is unpersua-

■ On this basis, the Court is obligated to dismiss the federal claims against Deputy D.A. Costello in her individual capacity. *See, e.g., Kriege v. Hara,* 2012 WL 1755671, *7–8 (D.Haw. May 15, 2012) (dismissing claims against three prosecutors as barred by absolute prosecutorial immunity because "the Complaint contains no allegations that the prosecutors functioned as anything other than advocates for the State, or carried out any conduct that is normally carried out by non-prosecutors.") (citing *Kalina v. Fletcher,* 522 U.S. 118, 125–26, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (holding that preparation and filing of an information and a motion for an arrest warrant are covered by absolute prosecutorial immunity)); *Franceschi v. Schwartz,* 57 F.3d 828, 830–31 (9th Cir. 1995) (affirming the Rule 12(b)(6) dismissal of section 1983 claim on the ground that absolute immunity extended to the issuance of a warrant and the setting of bail [6]); *Mansanares v. Arizona,* 2011 WL 5924349,

*4 (D.Ariz. Nov. 22, 2011) ("Immunity also extends to a prosecutor 'eliciting false or defamatory testimony from witnesses' or for making false and defamatory statements during, and related to judicial proceedings.") (quoting *Buckley,* 509 U.S. at 270, 113 S.Ct. 2606). Application of prosecutorial absolute immunity at the 12(b)(6) stage is particularly appropriate given the Supreme Court's admonition that "the federal courts should be particularly reluctant to relax pleading requirements in cases such as this, where the purpose of the ... immunity doctrine is to free officials from the concerns of litigation, including the avoidance of disruptive discovery." *D'Ambrosio v. Marino,* 2012 WL 4504523, *7 (N.D.Ohio Oct. 1, 2012) (granting motion to dismiss section 1983 claim for failure to state a claim on which relief can be granted) (citing *Iqbal,* 556 U.S. at 685, 129 S.Ct. 1937 (citing *Siegert v. Gilley,* 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)).

sive, as the prosecutorial conduct here is not comparable to the prosecutorial conduct that the Supreme Court afforded only qualified immunity in the aforementioned cases. Namely, *Burns* held that a prosecutor was entitled only to qualified immunity for advising the police, before an arrest warrant was obtained for a murder suspect, that it was appropriate to rely on a confession the suspect had made under hypnosis. The Court found it significant that the prosecutor rendered that advice to the police in the investigative stage and that the suspect ultimately was not prosecuted. *See Burns,* 500 U.S. at 495, 111 S.Ct. 1934. Here, by contrast, it is not alleged that OCDA Costello provided any out-of-court advice to the police about how to investigate the plaintiff. In *Buckley,* the Supreme Court held that a prosecutor was entitled only to qualified immunity for allegedly "shopping around" for a friendly expert in order to connect the plaintiff with a bootprint during the investigation of a crime. *See Buckley,* 509 U.S. at 262–63, 113 S.Ct. 2606. The Court reasoned that at the time the prosecutor engaged in that alleged conduct, his role was "entirely investigative in character."

*See id.* at 264, 113 S.Ct. 2606. As respondent notes (Doc 74 at 5), "Plaintiff has failed to plead anything in her [SAC] linking Costello to any action that is even remotely comparable to the preliminary investigation ... undertaken in *Buckley.*"

6. The Court agrees with the government that plaintiff fails to show that OCDA Costello's conduct here was comparable to the prosecutorial conduct that the Ninth Circuit accorded only qualified immunity in *Cruz v. Kauai County,* 279 F.3d 1064 (9th Cir.2002). The prosecutor in *Cruz* signed a motion for bail revocation and a supporting affidavit which swore to the truth of facts that the prosecutor had obtained from Cruz's ex-wife. The Ninth Circuit held that the prosecutor lost the protection of absolute immunity "because he stepped outside his prosecutorial role and into the role of a witness, when he personally attested to the truth of facts in the affidavit." *See Cruz,* 279 F.3d at 1067 (citing *Kalina,* 522 U.S. at 130, 118 S.Ct. 502). Here, by contrast, the SAC does not allege anything about OCDA Costello acting as a witness or signing an affidavit.

■■■■■■■ The plaintiff's federal claims against Deputy D.A. Costello in her *official* capacity fare no better. The Court agrees with the OC Defendants that under California law as applied by the Ninth Circuit, Deputy D.A. Costello was acting as an agent of the State of California, not the County. First, whether a prosecutor acts as a county official or a State official when performing her duties is determined by reference to state law. *See McMillian v. Monroe County, Alabama,* 520 U.S. 781, 786, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (C.J. Rehnquist for the majority) ("[O]ur understanding of the actual function of a governmental official, will necessarily be dependent on the definition of the official's functions under state law.") (citing *Regents of Univ. of California v. Doe,* 519 U.S. 425, 429 n. 5, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997) ("[T]he federal question can be answered only after considering the provisions of state law that define the agency's character.")). Following the California state courts' interpretation of their own State's law, as a federal court must,[7] the Ninth Circuit has held that for purposes of sovereign-immunity analysis, a California county district attorney is a State official, not a county official, when performing prosecutorial functions. *See del Campo v. Kennedy,* 517 F.3d 1070, 1073 (9th Cir.

2008); *Weiner v. San Diego County,* 210 F.3d 1025, 1028–29 (9th Cir.2000) (holding that San Diego County D.A. acted as agent of the State, not the county, in allegedly withholding exculpatory evidence from a defendant). As the Ninth Circuit has explained,

> Ordinarily, an official designated as an official of a county—as is the District Attorney of the County of Los Angeles—is a county official for all purposes. Some officials, however, serve two masters. Among them are California's 58 district attorneys: While these officers are elected by and for the counties, they prosecute cases on behalf of the state. In such mixed circumstances, we determine whether the officer is a state or a county official by examining state law to determine whether the particular acts the official is alleged to have committed fall within the range of his state or county functions. *McMillian* ..., 520 U.S. 781, 785–86, 117 S.Ct. 1734.... The California Supreme Court has held that a district attorney is a state official when he acts as a public prosecutor....

*Ceballos v. Garcetti,* 361 F.3d 1168, 1182 (9th Cir.2004) (citing *Pitts v. County of Kern,* 17 Cal.4th 340, 70 Cal.Rptr.2d 823, 949 P.2d 920, 932–33 (1998) (holding that a claim of prosecutorial misconduct is a

---

7. "We must approximate state law as closely as possible.... [W]e must follow the [state] Supreme Court's pronouncements, or, if the [state] Supreme Court has not addressed the question, 'we must predict how the Court would decide the issue, based on decisions of [the State's] courts, decisions from other jurisdictions, treatises and restatements." *Simmonds v. Credit Suisse Securities (USA), LLC,* 638 F.3d 1072, 1089 (9th Cir.2011) (quoting *Matsuura v. Alston & Bird,* 166 F.3d 1006, 1008 n. 3 (9th Cir.1999) (per curiam)) (other internal citations and quotation marks omitted), *vac'd on other grounds,* —— U.S. ——, 132 S.Ct. 1414, 182 L.Ed.2d 446 (2012). *See also Carey v. Terhune,* 42 Fed.Appx. 26, 27 n. 6 (9th Cir.2002) ("We must defer to state

court interpretations of state law unless the interpretation violates due process ....") (citing *Estelle v. McGuire,* 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)); *see also generally Bush v. Gore,* 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000) ("In most cases, comity and respect for federalism compel us to defer to the decisions of state courts on issues of state law."); *Whalen v. US,* 445 U.S. 684, 687–88, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) ("we are barred from reviewing a state court's interpretation of a state statute"); *England v. La. State Bd. of Med. Examiners,* 375 U.S. 411, 416, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) (referring to "the role of state courts as the final expositors of state law").

claim against the State, not the county, and that "a district attorney acts on behalf of the state when training personnel and when developing policy regarding the preparation for prosecution and prosecution of criminal violations of state law.")), *rev'd on other grounds*, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).[8] That means that claims against the Deputy D.A. in her official capacity, with regard to acts and omissions by her while acting as a public prosecutor, constitute claims against the State of California. This is significant because States and arms of the State possess immunity from suits authorized by federal law. *See Alden v. Maine*, 527 U.S. 706, 740, 119 S.Ct. 2240, 144 L.Ed.2d 636 (9th Cir.1999).

■ "[A] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Al–Haramain Islamic Foundation, Inc. v. Obama*, 690 F.3d 1089, 1094 (9th Cir.2012) (citing *US v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980)). There is no evidence in the record suggesting that the State of California has expressly waived its sovereign immunity with regard to this action or with regard to these types of claims brought in federal court. Consequently, the federal-law claims against Costello in her *official* capacity, as claims against the State of California, are barred by the State's sovereign immunity. *See, e.g., Greenlaw v. County of Santa Clara*, 125 Fed.Appx. 809, 810 (9th Cir.2005) (Nelson, Fletcher, Fisher) ("[B]ecause the Santa Clara [County] District Attorney's Office

represented the State of California rather than Santa Clara County when prosecuting Greenlaw, Greenlaw's claims against that Office are also barred. There is no indication that any of these defendants ... waived sovereign immunity ... and the District Attorney's Office has asserted sovereign immunity ....") (citing *Weiner*, 210 F.3d at 1031).

■ **Finally, the plaintiff's claims against Orange County fail to state a claim on which relief can be granted as well.** First, a county or municipality cannot be held *vicariously* liable under section 1983 for the allegedly unconstitutional acts of its employees or agents, *see Chudacoff v. University Med. Ctr. of Southern Nevada*, 649 F.3d 1143, 1151 (9th Cir.2011) (citing, *inter alia, Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *see also Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1185 (9th Cir.2002), and the plaintiff does not seek to hold the County vicariously liable (*see* Doc 72, P's Opp.). Second, the plaintiff fails to state a claim for *direct* liability against the County, for the reasons discussed below.

■ In order to state a claim for a county's direct liability for an alleged federal constitutional deprivation under section 1983, the plaintiff must show that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgate by that body's officers." *See Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018; *see also City of Canton v.*

---

**8.** *Contrast Webb v. Sloan*, 330 F.3d 1158, 1163–66 (9th Cir.2003) (holding that municipality could be held liable under section 1983 for actions of its deputy district attorneys, because those officials were acting as final policymakers for the municipality, under *Nevada* state law, in deciding whether to prosecute the section 1983 plaintiff); *Streit v. County of Los Angeles*, 236 F.3d 552, 555–56 (9th Cir.2001) ("Because we conclude that the LASD [Los Angeles Sheriff's Department], when implementing its policy of conducting prisoner release records checks, acts for the County in its capacity as administrator of the Los Angeles County jails, we hold both the LASD and the County are subject to liability under section 1983.").

*Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'") (citing *Polk Cty. v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). In the second amended complaint, the plaintiff alleges violations of her federal constitutional rights by the lodging and prosecution of unjust and unfounded criminal charges, the use of false testimony, the failure to disclose exculpatory evidence, discrimination based on culture, race, religion, and social status, and inadequate or improper training of employees. *See* SAC ¶¶ 26, 43–44, 78, 87, and 108. But the plaintiff does not proffer or identify any actual evidence that would render the County's direct liability plausible and raise her right to relief from the County "above the speculative level", *Rigel,* 697 F.3d at 875 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

The plaintiff merely asserts, in conclusory fashion, that Orange County and/or the District Attorney's Office had customs, policies, or practices (including training programs) that led to the alleged constitutional violations. *See, e.g.,* SAC ¶¶ 66, 80–81, 101, and 111. But the plaintiff conspicuously fails to allege any facts from which the Court could infer the existence of such a constitutionally infirm custom, policy, or practice on the part of the County or the OCDA's office. *See Taylor v. Garcetti,* 55 Fed.Appx. 853, 855 (9th Cir.2003) (Nelson, Wardlaw, Fisher) (dismissing section 1983 complaint against L.A. County and L.A. County District Attorneys with prejudice and without leave to amend, noting, "Taylor has not ... alleged a set of facts from which we can infer the existence of a county custom or policy."); *Nichols v. Brown,* 859 F.Supp.2d 1118, 1136 (C.D.Cal.2012) (Otero, J.) (dismissing section 1983 complaint against City of Redondo Beach because, *inter alia,* "The Complaint does not

identify any specific City policy, as required by *Monell,* that caused plaintiff's alleged injuries.") (citing, *inter alia, Galen v. County of Los Angeles,* 477 F.3d 652, 667 (9th Cir.2007)). Because the plaintiff has failed to plead "'factual content that allows the court to draw the reasonable inference that the defendant [Orange County] is liable for the misconduct alleged,'" her claims do not cross the threshold between merely *possible* and *plausible, see Caviness,* 590 F.3d at 812 (quoting *Iqbal,* 556 U.S. at 677, 129 S.Ct. 1937), and they must be dismissed for failure to state a claim.

This leaves no federal claims pending against the OC Defendants.

*Declining Supplemental Jurisdiction Over All State–Law Claims Against the OC Defendants*

 Title 28 U.S.C. section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over" state-law claims "if—the district court has dismissed all claims over which it has original jurisdiction." The United States Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and economy—will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In turn, the Ninth Circuit sitting *en banc* has reemphasized its adherence to the Supreme Court's statement that state-law claims "should" be dismissed if all the federal claims have been dismissed short of trial. *See Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir.1997) (*en banc*), *supplemented on other grounds,* No. 95–16666,

121 F.3d 714, 1997 WL 525450 (9th Cir. Oct. 1, 1997).

■ "As none of the parties raise any extraordinary or unusual circumstances suggesting that the court should retain jurisdiction over plaintiff[']s state-law claims in the absence of any federal claims," *Molaris v. County of Sierra*, 2012 WL 170159, *4 (E.D.Cal. Jan. 19, 2012), the Court will exercise its discretion to decline jurisdiction over the state-law claims against the OC Defendants. *See, e.g., McInerney v. City & County of San Francisco*, 466 Fed.Appx. 571, 573 (9th Cir.2012) (stating, on review of district court's decision to decline supplemental jurisdiction over state-law claims, "There was no abuse of discretion because the district court had dismissed or granted judgment on all of McInerney's federal claims.") (citing 28 U.S.C. § 1367(c)(3) and *CMU*, 484 U.S. at 350 n. 7, 108 S.Ct. 614 and *Acri*, 114 F.3d at 1000); *Porto v. City of Newport Beach*, 2011 WL 2470128, *12 (C.D.Cal. May 20, 2011), *R & R adopted w/o opinion*, 2011 WL 2462555 (C.D.Cal. June 21, 2011) (David Carter, J.); *Staves v. City of Los Angeles*, 2010 WL 2942769, *4 (C.D.Cal. June 15, 2010) ("Because all of Plaintiff's federal civil rights claims are time-barred, supplemental jurisdiction over Plaintiff's State [-] law claims should be declined."), *R & R adopted w/o opinion*, 2010 WL 2942767 (C.D.Cal. July 19, 2010) (Cormac Carney, J.).

■ This disposition obviates the need to consider plaintiff's requests for punitive damages (SAC ¶¶ 35, 54, 62, 69, 76, 94, 106, and 116), which are in any event not independent causes of action. *See London v. Sears, Roebuck & Co.*, 458 Fed.Appx. 649, 651 (9th Cir.2011) ("Because we affirm the district court's summary judgment dismissal, we need not consider London's claims for punitive damages."); *Nelson v. Original Smith & Wesson Business Entities*, 2010 WL 7125186, *4 (D.Alaska May 18, 2010) ("The motion to dismiss ... is granted with respect to Counts 1, 2, 3, and 4.... The Court need not address Counts 5 and 6 for damages and punitive damages, as such claims are not independent causes of action."), *recon. denied*, 2010 WL 7125187 (D.Alaska June 14, 2010), *aff'd*, 449 Fed.Appx. 581 (9th Cir.2011).

Accordingly, **the Motion to Dismiss filed by County of Orange and Orange County District Attorney Elizabeth Costello [Document # 71] is GRANTED as follows:**

—All federal-law claims against defendants County of Orange and Orange County District Attorney Elizabeth Costello are **DISMISSED with prejudice.**

—Pursuant to 28 U.S.C. § 1367(c), the Court **DECLINES** supplemental jurisdiction over all state-law claims against the County of Orange and Orange County District Attorney Elizabeth Costello.[9]

IT IS SO ORDERED.

---

**9.** Title 28 U.S.C. § 1367(d) provides that when a federal court declines supplemental jurisdiction over a state-law claim, the limitations period for that claim "shall be tolled while the claim is pending" in federal court "and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Thus, where section 1367(d) applies, the period during which a plaintiff's state-law claims were pending in federal court will not be subtracted from the applicable State limitations period. The Supreme Court has held that the section 1367(d) tolling provision applies to claims against political subdivisions of States (i.e., counties and municipalities), *see Spector v. Norwegian Cruise Line, Ltd.*, 545 U.S. 119, 141, 125 S.Ct. 2169, 162 L.Ed.2d 97 (2005) (citing *Jinks v. Richland County*, 538 U.S. 456, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003)), but not to claims against non-consenting States, *see Spector*, 545 U.S. at 141, 125 S.Ct. 2169 (citing *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002)).

This order is *not* final and immediately appealable, because it does not terminate the litigation by disposing of plaintiffs' claims against all parties. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1089 (9th Cir.2012) ("If MM sought to appeal a district court's order dismissing some, but not all, claims before trial, the dismissal would not be appealable due to the 'final judgment rule.' "); *cf. Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1020 (9th Cir.2012) ("Orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291.") (citation omitted). The motion to dismiss filed by the Newport Beach Defendants remains pending and will be resolved shortly by separate Order.