**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAY DEE NELSON; et al., | No. 10-35562 |
| Plaintiffs - Appellants, | D.C. No. 4:10-cv-00003-RRB |
| v. | |
| ORIGINAL SMITH & WESSON BUSINESS ENTITIES AND/OR CORPORATIONS, and their predecessors and successors in interest; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 27, 2011
Anchorage, Alaska

Before: B. FLETCHER, KLEINFELD, and CALLAHAN, Circuit Judges.

Jay Dee Nelson and Shannon Nelson have four minor children. One of the

Nelson children was handling a Smith & Wesson ("S&W") revolver when the gun

discharged and struck another Nelson child, causing her to become a paraplegic.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Nelsons filed a products liability action against S&W, bringing claims of negligence, failure to warn, strict liability, and failure to retrofit. The district court granted S&W's motion to dismiss and denied the Nelsons' post-dismissal motions. The Nelsons appeal these decisions, and we affirm.

First, the Nelsons allege that S&W should have outfitted the revolver with a a "safety-lock and/or safety-key lock device" ("safety lock") when it was issued, and that S&W's failure to do so caused the Nelson child's injuries. Under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), claims must be substantively plausible under the applicable law in order to survive a motion to dismiss. *See id.* at 1949. Accordingly, to recover under this theory, the Nelsons must allege facts showing that Alaska law would recognize that S&W had a duty to include a safety lock on the gun when it was manufactured in 1972.

Civil liability for gun manufacturers and distributors in Alaska is limited by statute. Alaska Statute § 09.65.155 states:

> A civil action to recover damages or to seek injunctive relief may not be brought against a person who manufactures or sells firearms or ammunition if the action is based on the lawful sale, manufacture, or design of firearms or ammunition. However, this section does not prohibit a civil action resulting from a negligent design, a manufacturing defect, a breach of contract, or a breach of warranty.

There is no suggestion that the gun here was unlawfully sold, and

2

the Nelsons do not allege breach of contract or warranty, so the only possible claims here are for negligent design and manufacturing defect. Under the Nelson's theory that the gun is defective because it did not include a safety lock, however, there is no manufacturing defect. Therefore, the only possible claim the Nelsons could make would be for negligent design.

"When deciding whether a novel action for negligence can be maintained under the common law, [the Alaska Supreme Court] consider[s] whether a duty exists." *Kallstrom v. United States*, 43 P.3d 162, 167 (Alaska 2002). Alaska courts apply the factors set forth in *D.S.W. v. Fairbanks North Star Borough School Dist.*, 628 P.2d 554 (Alaska 1981) "to determine whether an actionable duty of care exists when the facts under consideration are not covered by statute, regulation, contract, or case law." 43 P.3d at 167. Applying the *D.S.W.* factors to this case, in the context of AS § 09.65.155, we conclude that Alaska would not recognize a duty to put a safety lock on a 1972 revolver.

Although it may have been *feasible* in 1972 to include a safety lock on the gun, it does not follow that Alaska courts would recognize a *duty* on the part of gun makers to include the devices on their guns. The district court's determination that Alaska law would not recognize a duty to put a safety lock on a gun in 1972 appears to be correct. *See H.K.H. Co. v. American Mortgage Insurance Co.*, 685

3

F.2d 315, 317 (9th Cir. 1982) ("Where a civil action is brought under diversity jurisdiction, this court defers to the district court's interpretation of the law of the state in which the district court sits, unless that interpretation is clearly wrong."). Accordingly, we affirm the district court's dismissal of the negligence claim premised on the lack of a safety lock.

The Nelsons also bring a failure-to-warn claim for S&W's alleged failure to inform them about the dangers associated with guns that do not have safety locks. This claim is brought in strict liability, but Alaska Statute § 09.65.155 prevents the Nelsons from recovering in strict liability on such a claim. Therefore, the Nelsons' failure to warn claim could only survive if the lack of warning is construed as a "negligent design" claim.

> The Alaska Supreme Court, however, has held that
>
> there is no duty to warn of hazards or dangers that would be readily recognized by the ordinary user of the product. Implicit in the statement is also the concept that it is the knowledge of the ordinary user of the product which is relevant to the duty to warn rather than what the actual user in the case actually knew.

*Prince v. Parachutes, Inc.*, 685 P.2d 83, 88 (Alaska 1984). An ordinary user of a gun would know that it shoots one or more bullets when the trigger is pulled. It is unnecessary to include a warning that a gun will do what it is designed to do, in the way that it is designed to do it, because such dangers are apparent. Further, given

4

that the Nelsons have not shown that there was any law, industry guideline, or industry practice in 1972 requiring a safety lock or related warning, a reasonable gun consumer could not have expected a warning at that time. Accordingly, the Nelsons do not have a viable negligent design claim based on a failure to warn.

The Nelsons also bring a retrofit claim, asserting that S&W had a duty to outfit the revolver with a safety lock after it was issued, or recall it. To recover on this claim, Nelsons would have to make an initial showing of negligent design or manufacturing defect, inasmuch as the only claims permitted under AS § 09.65.155 must "result" from such a showing. Because manufacturing defects are not at issue in a scenario where the gun functions properly, the only possible underlying showing would be negligent design—but, as explained above, the Nelsons have not made this showing. Accordingly, their retrofit claim must fail. *See Hiller v. Kawasaki Motors Corp.*, 671 P.2d 369, 372 (Alaska 1983) (emphasizing the state and condition of the product at the time it left the manufacturer's hands).

Separate and apart from the safety lock issue, the Nelsons seek recovery based on their imprecise allegation that the gun "may have" discharged without the trigger being pulled. To that end, Alaska—like other states—has long allowed victims to recover on manufacturing defect claims when a gun discharged after physically malfunctioning in some way, such as firing without the trigger being

5

pulled. *Sturm, Ruger & Co., Inc. v. Day*, 594 P.2d 38, 41 (Alaska 1979) (plaintiff victim could recover when he grabbed a gun as it dropped out of his hand while he was unloading it, and the gun discharged, where plaintiff alleged that "the hammer had been on the loading notch and that the gun fired after he accidentally pulled the hammer off that notch."), *overruled on other grounds by Dura Corp. v. Harned*, 703 P.2d 396 (Alaska 1985). *Iqbal*, however, requires that a complaint include specific allegations of fact supporting recovery, a standard the Nelsons' vague and speculative language fails to satisfy. Accordingly, the district court was correct in granting the motion to dismiss.

Also, the district court did not abuse its discretion in denying the Nelsons' post-dismissal motion to amend their complaint for a second time. Neither the Nelsons' First Amended Complaint nor their proposed Second Amended Complaint contained additional details concerning the gun discharging without the trigger being pulled. It was reasonable for the court to conclude that the Nelsons did not and could not amend their complaint to allege specific facts that would support a basis for recovery.

Finally, the district court did not err in denying the Nelsons' post-dismissal motion to disclose information about S&W's alleged inspection of the gun. Assuming without deciding that the district court had jurisdiction to rule on the

6

motion, the denial was proper. The Nelsons essentially assert a spoliation claim, and to prevail on such a claim they must show that one of their underlying, viable claims was prejudiced by the alleged spoliation. *See Allstate Insurance Co. v. Dooley*, 243 P.3d 197, 200–05 (Alaska 2010)*; Doubleday v. State, Commercial Fisheries Entry Commission*, 238 P.3d 100, 106–07 (Alaska 2010); *Estate of Day v. Willis,* 897 P.2d 78, 80–82 (Alaska 1995)*.* The Nelsons have not shown that they have any underlying viable claims, and therefore they cannot prevail on a spoliation claim.

This is indeed a tragic case, with heartbreaking consequences. Nevertheless, we **AFFIRM**.