Niveen ISMAIL

v.

**Newport Beach Detective Penny FREEMAN et al.**

**Case No. CV11–01751–VBF.**

United States District Court,
C.D. California.

Oct. 30, 2012.

Alvin M. Gomez, Gomez Law Group, Del Mar, CA, for Niveen Ismail.

Allen Christiansen, Blakney Ann Boggs, Peter James Ferguson, Ferguson Praet and Sherman APC, Santa Ana, CA, for Penny Freeman and Neil Schuster.

**PROCEEDINGS (IN CHAMBERS): SECOND AMENDED ORDER DISMISSING ALL FEDERAL CLAIMS AGAINST CITY OF NEWPORT BEACH AND NBPD, DECLINING SUPPLEMENTAL JURISDICTION OVER ALL STATE–LAW CLAIMS AGAINST CITY OF NEWPORT BEACH AND NBPD, DENYING WITHOUT PREJUDICE THE MOTION TO DISMISS CLAIMS AGAINST NEWPORT BEACH DETECTIVE FREEMAN AND NEWPORT BEACH POLICE OFFICER SCHUSTER, AND GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT**

VALERIE BAKER FAIRBANK, District Judge.

Linda Kanter, Courtroom Deputy

None Present, Court Reporter.

This is a civil-rights action under 42 U.S.C. § 1983. For the reasons that follow, the Court will dismiss all federal claims against the City of Newport Beach ("the City") and the Newport Beach Police Department ("NBPD"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. Following Ninth Circuit practice, the Court will then decline supplemental jurisdiction over all statelaw claims against the City and NBPD. However, the Court will deny without prejudice the motion to dismiss the claims against Newport Beach Detective Freeman and Newport Beach Police Officer Schuster for failure to state a claim. Finally, the Court will allow the plaintiff to file a third amended complaint that contains only claims against Freeman and Schuster, and which presents allegations in support of those claims in a clearer, more detailed, more organized

fashion. After this Order, the only defendants remaining will be the two police officers.

On August 8, 2012, the plaintiff filed the second amended complaint ("SAC"), asserting the following federal constitutional claims: illegal search and seizure in violation of the Fourth Amendment, false arrest, false imprisonment, malicious prosecution, excessive bail in violation of the Eighth Amendment, and "*Monell*-related claims" against the City and Orange County alone. Plaintiff also asserts state-law claims for false arrest, false imprisonment, civil conspiracy to violate her constitutional rights, and perhaps defamation. On all nine counts the plaintiff seeks punitive damages and attorney's fees, and she demands a jury trial, *see* SAC at 20–24.

In September 2012, the Court received two motions to dismiss the second amended complaint for failure to state a claim on which relief can be granted, one by the County of Orange and Orange County Deputy District Attorney Elizabeth Costello ("the OC Defendants") and one by the Newport Beach Defendants. On October 9, 2012, this Court issued an order finding these matters appropriate for decision without oral argument and vacating the hearing previously scheduled. On October 18, 2012, 917 F.Supp.2d 1060, 2012 WL 7849081, the Court issued an Order granting the OC Defendants' motion, dismissing all federal claims against the OC Defendants, and declining supplemental jurisdiction over all state-law claims against the OC Defendants. That Order terminated the OC Defendants as parties.

Today the Court rules on the Newport Beach Defendants' motion to dismiss.

*Background*

In December 2009, plaintiff was charged with the felony kidnapping of her son and felony solicitation of the kidnapping of her son in violation of Cal.Penal Code §§ 207(a), 653F(a), and 664(a), following an investigation by the NBPD which she describes as "faulty." *See* SAC ¶¶ 25 and 41. The Orange County D.A. recommended detaining plaintiff without bail; the state court set bail at $1 million but reduced it to $150,000 in March 2010. *See* SAC ¶¶ 25–27. A jury acquitted plaintiff of the felony charges in December 2011. *See* SAC ¶¶ 25 and 29. While plaintiff was out on bail in September 2010, the OCDA charged her with misdemeanors based on a NBPD Officer's allegation that she had violated a restraining order prohibiting contact with her son. Some of the misdemeanor charges were dismissed before trial, and the state court ultimately issued a directed verdict in favor of plaintiff on the other misdemeanor charges in December 2011. *See* SAC ¶¶ 38–43, 46–47.

Having been acquitted of all charges, plaintiff now alleges that the Newport Beach Defendants conspired with private investigator Young to entrap and arrest the plaintiff and have her prosecuted on felony kidnapping and other charges. *See* SAC ¶ 17. As part of that conspiracy, plaintiff alleges, Officers Freeman and Schuster made false and misleading factual representations to obtain a search warrant and then falsely arrested her without probable cause, violating her Fourth Amendment right to be free of unreasonable search and seizure, her right to equal protection of the laws, her rights to substantive and procedural due process, her right to privacy, her right to the presumption of innocence, and her rights "under applicable California law," including "§§ 43, 44, 45 and 46 of the Civil Code," and perhaps her right to be free of intentionally inflicted emotional distress, in connection with the felony and misdemeanor charges. *See id.* ¶¶ 18, 30–31, 49–52, 89–91, 99–100, 105, and 110. Plaintiff also asserts that the City, Freeman, and Schuster, along with the dismissed OC Defendants, intentionally and maliciously delayed the filing of the misdemeanor charges after her October

25, 2010 second arrest in order to harm plaintiff, perhaps with regard to her ability to remain employed. *See id.* ¶ 108.

According to plaintiff, during a December 4, 2009 meeting that lasted one and a half hours, Schuster "badgered" her into discussing her son, *id.* ¶ 22, but she denies ever soliciting a crime, paying any money, or intending to pay any money to anyone, *id.* ¶ 23. Plaintiff explains that during the meeting, Schuster "play[ed] the part of [private investigator] Young's partner while wearing a wire, without an arrest warrant and/or probable cause" while Freeman "listen[ed] in." *Id.* ¶ 24. Based on the "faulty investigation" by Freeman and Schuster, plaintiff alleges, she was wrongfully arrested, wrongfully charged by the OCDA with eight felonies including attempted kidnapping and attempted burglary, and then wrongfully prosecuted by the OCDA. *Id.* ¶ 25. Plaintiff further alleges that the City knowingly issued false statements to the media that were unsubstantiated by evidence or contradicted by the available evidence, *id.* ¶ 28, though she does not say what that evidence might have been.

Beginning on December 4, 2009 and continuing, plaintiff alleges, the Newport Beach police defendants conspired to violate and did violate her Eighth Amendment right to be free of excessive bail, by providing false information for the purpose of convincing the state trial court to set excessive bail. *See* SAC ¶¶ 64–65, 72.[1]

Then, on September 7, 2010, plaintiff called Detective Freeman at Freeman's request. Freeman stated, "without any evidence," that plaintiff had a violated a state-court restraining order filed on behalf of her son's adoptive parents by trying to make contact with her son, which plaintiff denied. *See id.* ¶¶ 40–41. Freeman then allegedly "maliciously alleged" that plaintiff had committed a crime and recommended that the County charge her, leading the County to charge her with misdemeanors. *See id.* ¶¶ 42–43. Some of the misdemeanors were dismissed before trial, and a jury acquitted plaintiff on the others in December 2011, *id.* ¶¶ 46–47.

*Legal Standard: Dismissal Pursuant to FED.R.CIV.P. 12(b)(6) for Failure to State a Claim*

All four of the NB Defendants seek dismissal of all claims against them pursuant to Rule 12(b)(6), which authorizes the court to dismiss a claim for "failure to state a claim on which relief can be granted." To avoid dismissal, a claim "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *In re Rigel Pharms., Inc. Securities Lit.,* 697 F.3d 869, 875 (9th Cir.2012) *("Rigel")*

---

1. Plaintiff contends that reasonable people in the position of the City and these officers, confronted with the same circumstances they faced, would have known there was no probable cause to search, arrest, detain, or urge prosecution of plaintiff, *see* SAC ¶¶ 36, 50, 56, 58. That contention, however, calls for a legal conclusion. When considering a Rule 12(b)(6) motion, the Court must accept the non-movant's well-pled factual allegations, but it need not accept legal conclusions couched as factual allegations. *See Harris v. County of Orange,* 682 F.3d 1126, 1131 (9th Cir.2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Moreover, arguments about whether a reasonable person in an official defendant's position would have known his conduct was unconstitutional, is appropriate only where a defendant invokes the defense of qualified immunity. *See generally Saucier v. Katz,* 533 U.S. 194, 201–202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (standard for qualified immunity); *see, e.g., Doi v. Aoki,* 2012 WL 3100179, *15–16 (D.Haw. July 27, 2012) (qualified immunity analysis). Neither of these police officers has invoked qualified immunity as a basis for their Rule 12(b)(6) motion. Defendants typically invoke qualified immunity in a motion for summary judgment. *Accord Peterson v. Jensen,* 371 F.3d 1199, 1201 (10th Cir.2004).

(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The well-pled factual allegations of the complaint are assumed to be true, *see Rigel,* 697 F.3d at 876 (citing *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 989 (9th Cir.2009)), and construed in the light most favorable to the plaintiff, *see W. Radio Servs. Co. v. Qwest Corp.,* 678 F.3d 970, 976 (9th Cir. 2012) (*"Western Radio II "*), *pet. cert. filed o.g.,* —— U.S. ——, 133 S.Ct. 758, 184 L.Ed.2d 499 (2012) (No. 12–266).

Ultimately, the well-pled factual allegations "must be enough to raise a right to relief above the speculative level. . . ." *Rigel,* 697 F.3d at 875 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). A claim has facial plausibility, for 12(b)(6) purposes, only " 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *See Caviness v. Horizon Community Learning Center, Inc.,* 590 F.3d 806, 812 (9th Cir.2010) (quoting *Iqbal,* 556 U.S. at 677, 129 S.Ct. at 1949). " 'Conclusory allegations of law and unwarranted inferences,' of course, 'are insufficient to defeat a motion to dismiss for failure to state a claim.' " *Caviness,* 590 F.3d at 812 (quoting *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996)). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 677–78, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *See Iqbal,* 556 U.S. at 677, 129 S.Ct. at 1949.

In assessing whether a plaintiff has carried its Rule 12(b)(6) burden, the Court is generally limited to the face of the complaint and its attached exhibits, materials incorporated therein by reference, and matters suitable for judicial notice, *see Rigel,* 697 F.3d at 876 (citing *Zucco Partners,* 552 F.3d at 989) (judicially noticeable matters)0000; *Autotel v. Nevada Bell Tel. Co.,* 697 F.3d 846, 850 (9th Cir.2012) (attached exhibits) (citation omitted). Under Federal Rule of Evidence 201(b), this Court may take notice of "matters of public record," *Lee v. City of L.A.,* 250 F.3d 668, 669 (9th Cir.2001) (citing *Mack v. So. Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986)), including but not limited to publicly filed records of federal and state courts, *see Smith v. Duncan,* 297 F.3d 809, 815 (9th Cir.2002). In addition, the matter to be noticed must be "not subject to reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). "Ready determination" means that the document must be readily accessible to the public. *See Reynolds v. Hedgpeth,* 472 Fed.Appx. 595, 598 (9th Cir.2012) (citing 21B Wright & Miller, Fed. Prac. and Proc. § 5106.1 (2d ed.2011)).

Finally, if a claim for relief cannot be cured by amendment, it should be dismissed without affording leave to further amend. "Although leave to amend should be given freely," *see* Fed.R.Civ.P. 15(a), "a district court may dismiss without leave where the plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Shechet v. Kim,* No. 10–55631, 2012 WL 4320256, *1 (9th Cir. Sept. 21, 2012) [2] (citing *Cer-*

**2.** Ninth Circuit Rule 39–3(b) provides, "Un-

published dispositions and orders of this

vantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir.2011)); see also Harris, 682 F.3d at 1135 ("Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency.") (citing Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003)).

The court may also properly be more inclined to deny leave to amend where the plaintiff has already amended the complaint more than once and failed to correct deficiencies that cause the complaint to fail to state a claim on which relief can be granted. The Ninth Circuit has held that "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n. 3 (9th Cir.1987) (citing, inter alia, Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir.1980) and Fidelity Fin. Corp. v. Fed. Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir.1986)); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.) (same), amended on other grounds, 234 F.3d 428 (9th Cir.2000); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 809 (9th Cir.1988) (district court did not abuse discretion by refusing to allow a second amended complaint where the first amendment had failed to cure deficiencies); Smith v. Solis, 331 Fed.Appx. 482, 482–83 (9th Cir.2009) ("The district court properly dismissed the action with prejudice because Smith's second amended complaint did not state a claim for deliberate indifference and [pro se plaintiff] Smith failed to correct the defects.").

*Legal Standard: Liability for Violation of Federal Civil Rights under 42 U.S.C. Section 1983*

Section 1983 provides remedies for "deprivations of rights under the Constitution and laws of the United States when the deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Gorenc v. Salt River Project Agric. Improvement & Power Dist., 869 F.2d 503, 505 (9th Cir.1989) (internal quotation marks omitted). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir.2012) (quoting Graham v. Connor, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

In order to recover under section 1983 for conduct by the defendant, the plaintiff must show that the conduct "allegedly causing the deprivation of a federal right . . . [is] fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); see also Rendell–Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The state-action requirement in section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). State action may be found if, and only if, there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Villegas v. Gilroy Garlic Festival

court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1." In turn, Federal Rule of Appellate Procedure 32.1(a) provides, "A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been (i) designated as 'unpublished,' 'not for publication,' 'not precedential,' 'not precedent,' or the like, that (ii) issued on or after January 1, 2007."

*Ass'n,* 541 F.3d 950, 955 (9th Cir.2008) (*en banc* ) (citing *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)).

*Plaintiff Fails to State a Claim for City/Police Department Liability under 42 U.S.C. § 1983.*

Preliminarily, the Court notes that the Newport Beach Police Department can be sued in its own name. Federal Rule of Civil Procedure 17(b) provides that "capacity to sue and be sued shall be determined by the law of the state in which the district court is held," and the Ninth Circuit has held that California law permits county and municipal police departments to be sued. *See Streit v. L.A. County,* 236 F.3d 552, 565 (9th Cir.2001) (determining that sheriff's departments are defined as public entities by CAL. GOV.CODE § 811.2 and therefore under CAL. GOV.CODE § 945 they can be sued in federal court for alleged civil-rights violations) (citing, *inter alia, Karim–Panahi v. LAPD,* 839 F.2d 621, 624 n. 2 (9th Cir.1988)).

**The Court agrees that plaintiff's federal claims against the City and its Police Department fail to state a claim on which relief can be granted.** First, a municipality cannot be held *vicariously* liable under section 1983 for the allegedly unconstitutional acts of its employees or agents, *see Chudacoff v. Univ. Med. Ctr. of So. Nevada,* 649 F.3d 1143, 1151 (9th Cir. 2011) (citing, *inter alia, Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *see also Gibson v. County of Washoe, Nevada,* 290 F.3d 1175, 1185 (9th Cir.2002); *Fed'n of African American Contractors v. City of Oakland,* 96 F.3d 1204, 1214 (9th Cir.1996) ("Federal case law has long barred *respondeat superior* liability against state actors in suits brought under 42 U.S.C. § 1983."). Second, the plaintiff fails to state a specific,

plausible claim for *direct* liability against the County, for the reasons discussed below.

In order to state a claim for a local government's direct liability under § 1983 for a federal constitutional deprivation, a plaintiff must show that the local government "itself ... cause[d] the constitutional deprivation." *See Gillette v. Delmore,* 979 F.2d 1342, 1346 (9th Cir.1992). As the Supreme Court has cautioned, the local government "cannot be held liable solely because it employs a tortfeasor." *Monell,* 436 U.S. at 691, 98 S.Ct. 2018. Rather, plaintiff must show that the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the City]'s officers." *See id.; see also City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.' ") (citing *Polk Cty. v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Plaintiff alleges violations of her federal rights broadly by the officers' false statements (apparently to the OCDA), their unspecified false testimony and purported discriminatory animus, and by the City's inadequate or improper training and supervision of employees. *See* SAC ¶¶ 26, 43–44, 78, 87, and 108. But the plaintiff does not supply sufficient well-pled factual allegations to render the City's direct liability plausible and raise her right to relief from the City "above the speculative level", *Rigel,* 697 F.3d at 875 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Plaintiff merely asserts, in conclusory fashion, that the City had customs, policies, or practices (including inadequate training and supervision) that led to or encouraged the alleged constitutional violations. *See, e.g.,* SAC ¶ 67 ("POLICE DE-

FENDANTS' acts and omissions were committed pursuant to official CITY policies and/or procedures encouraging use of the tactics employed by FREEMAN and SCHUSTER ...."); ¶¶ 74, 80, 82, 102, and 112. It is true that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, —— U.S. ——, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011). But the Supreme Court has cautioned that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on failure to train." *Connick*, 131 S.Ct. at 1359 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality) ("[A] 'policy' of 'inadequate training' is 'far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*.'")).

■ As pled, plaintiff's federal claims against the City vindicate the Supreme Court's concern about the tenuous nature of section 1983 claims predicated on failure to train or supervise. To satisfy section 1983, the plaintiff must show that the City's "failure to train its employees in a relevant respect ... amount[ed] to 'deliberate indifference to the rights of persons with whom the [untrained or unsupervised] employees came into contact.'" *Connick*, 131 S.Ct. at 1359 (quoting *Canton*, 489 U.S. at 388, 109 S.Ct. 1197). "Only then 'can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under section 1983.'" *Connick*, 131 S.Ct. at 1359–60 (quoting *Canton*, 489 U.S. at 389, 109 S.Ct. 1197). In addition, the plaintiff may not show merely than one employee was inadequately trained or supervised; "there must be a 'widespread practice.'" *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir.2012) (county prosecutor violated mother's substantive due process rights by releasing her child's autopsy photograph to the press without a legitimate governmental purpose, but county could not be held liable under section 1983 because, *inter alia*, there was "no evidence that [the County's] prosecutors ... often photocopy and distribute autopsy photographs for illegitimate purposes without the consent of the family") (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir.1989)).

■ Furthermore, the Supreme Court has warned that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action," *Connick*, 131 S.Ct. at 1360 (quoting *Board of Commis. of Bryan Cty. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)). "[M]ere negligence, or even gross negligence, is not enough for deliberate indifference." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 976 (9th Cir.2011) (citation omitted); *see also Patel*, 648 F.3d at 974–75 (affirming dismissal of § 1983 claims, and distinguishing the extreme facts of the "few § 1983 opinions post-[1996] where" the Ninth Circuit "allowed deliberate-indifference theories to proceed to trial").

Thus, in order to state a claim against the City under section 1983 for inadequate or improper training and supervision of Detective Freeman and Officer Schuster, plaintiff was required to specifically allege facts sufficient to permit the court to find it plausible (1) that the relevant policymaker(s) for the City or its Police Department were deliberately indifferent to the need to properly train these officers about how to fulfill their duty not to violate *a specific constitutional right*, not merely negligent or grossly negligent, and (2) that the provision of improper or inadequate training and/or supervision *on a particular issue or police tactic, actually caused each alleged*

*constitutional violation. See Connick,* —— U.S. at ——, 131 S.Ct. at 1358 ("The *Brady* violation ... occurred when ... prosecutors involved with Thompson's armed-robbery prosecution failed to ·disclose the crime lab report to Thompson's counsel. Under Thompson's failure-to-train theory, he bore the burden of proving both (1) that Connick, the policymaker for the district attorney's office, was deliberately indifferent to the need to train the prosecutors about the *Brady* disclosure obligation with respect to evidence of this type and (2) that the lack of training actually caused the *Brady* violation in this case. Connick ... [is] entitled to judgment as a matter of law because Thompson did not prove that he was on actual or constructive notice of, and therefore deliberately indifferent to, a need for more or different *Brady* training."); *Gibson v. Washoe Cty., Nev.,* 290 F.3d 1175, 1186 (9th Cir.2002) ("a plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation") (citing *Canton,* 489 U.S. at 387, 109 S.Ct. 1197). *Contrast Miranda v. Clark Cty., Nev.,* 319 F.3d 465 (9th Cir.2003) (*en banc* ) (in case where assistant PD had performed deficiently in plaintiff's defense, plaintiff stated a claim against the County under § 1983 by alleging that County PD had a policy and practice of assigning his least experienced attorneys to capital cases, refusing to provide training, and assigning lesser resources to defend clients who did poorly on a polygraph); *Lee v. City of L.A.,* 250 F.3d 668, 682–83 (9th Cir.2001) (plaintiff stated a claim for municipal liability under § 1983).

The plaintiff here has not even recited boilerplate language addressing each of the foregoing elements of a claim for municipal liability based on inadequate training or supervision. Much less has plaintiff pled " 'factual content that allows the court to draw the reasonable inference that the"

City is liable for its officers' alleged misconduct under this "stringent standard," *Bryan County,* 520 U.S. at 410, 117 S.Ct. 1382. Absent such well-pled factual allegations, her federal claims against those two defendants do not cross the threshold between merely *possible* and *plausible, see Caviness,* 590 F.3d at 812 (quoting *Iqbal,* 556 U.S. at 677, 129 S.Ct. 1937). Consequently, the federal claims against the City and its Police Department, including those based on failure to train or supervise, must be dismissed for failure to state a claim. *See, e.g., Taylor v. Garcetti,* 55 Fed.Appx. 853, 855 (9th Cir.2003) (Nelson, Wardlaw, Fisher) (dismissing section 1983 complaint against L.A. County and L.A. County District Attorneys with prejudice and without leave to· amend, noting, "Taylor has not ... alleged a set of facts from· which we can infer the existence of a county custom or policy."); *Nichols v. Brown,* 859 F.Supp.2d 1118, 1136–37 (C.D.Cal.2012) (Otero, J.) (dismissing section 1983 complaint against City of Redondo Beach because, *inter alia,* "The Complaint does not identify any specific City policy, as required by *Monell,* that caused plaintiff's alleged injuries.") (citing, *inter alia, Galen v. County of Los Angeles,* 477 F.3d 652, 667 (9th Cir.2007)).

*Plaintiff May Be Able to State a Claim for Holding the Police Officers Liable under 42 U.S.C. § 1983*

**Most of the plaintiff's claims against Newport Beach Detective Freeman and Newport Beach Police Officer Schuster, however, fare somewhat better, at least at this early stage in the proceedings.** Preliminarily, the Court notes that unlike OCDA Costello, whom this court dismissed by prior Order, these police officers have not yet asserted immunity against the federal claims at this stage of the proceedings.

The Court notes, contrary to the officers' view, that it is not clear that plaintiff has failed to provide a "short and plain statement of the claim that the pleader is entitled to relief" as required by Rule 8(a) and allegations sufficient to make her right to relief against the officers "plausible" as required by Rule 12(b)(6)—both of which are lower hurdles to clear than the Rule 56 summary-judgment standard. *See Fors v. Lehman,* 741 F.2d 1130, 1132 (9th Cir. 1984) (contrasting summary-judgment motion with 12(b)(6) motion). Certainly the complaint could be clearer, much more well organized, and possibly shorter, particularly after two amendments. Taking the claims against Freeman and Schuster *seriatim,* however, most survive for the time being. Count One asserts a claim against Freeman, Schuster, and others for illegal search and seizure, false arrest, and false imprisonment in violation of the 4th and 14th Amendments in connection with the *felony* charges. Count Two asserts those same claims in connection with the *misdemeanor* charges. *See* SAC ¶¶ 16,–36, 37–54. Count Three asserts a claim against the County and the City alone for malicious prosecution in violation of 14th Amendment substantive due process. Count 3 does not purport to assert any claim against Freeman and Schuster. *See* SAC ¶¶ 55–62. Taking this Court's October 18, 2012 Order and today's Order together, Count 3 is out of the case.

 Count Four asserts a claim against Freeman and Schuster and others for their role in recommending or helping to obtain excessive bail in violation of the Eighth Amendment in connection with the *felony* charges filed against plaintiff, *see* SAC ¶¶ 63–69, while Count Five asserts a claim against Freeman and Schuster and other defendants (all now dismissed) for their role in recommending or helping to obtain excessive bail in violation of the Eighth Amendment in connection with the *misdemeanor* charges filed against plaintiff, *see*

SAC ¶¶ 70–76. The Court finds that plaintiff has not yet stated a claim with regard to the police officers' role, if any, in the imposition of the putatively excessive bail. *See, e.g., Galen v. L.A. County,* 322 F.Supp.2d 1045, 1051 (C.D.Cal.2004) (Fischer, J.), *aff'd in part & rev'd in part o.g.,* 468 F.3d 563 (9th Cir.2006), *amended & superseded,* 477 F.3d 652 (9th Cir.2007). As presently constituted, Counts Four and Five at best make plain the *very general* nature of this claim against the officers (which is the first requirement of Rule 8(a)), namely that they somehow contributed to the prosecutor's decision to seek excessive bail and/or the state court's decision to set such bail.

But Counts Four and Five do not provide well-pled allegations sufficiently explaining "the grounds upon which [the bail claim against the officers] rests," the second requirement of Rule 8(a). Less still do Four and Five satisfy Rule 12(b)(6) by supplying allegations rendering it "plausible," *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955, that she can satisfy the elements of some type of bail claim against them. Rule 12(b)(6) does not require detailed factual allegations, but "it requires more than a formulaic recitation of the elements of a cause of action," *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir.2008) (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Counts Four and Five do not even "recite" the elements of some federally recognized cause of action for contributing to the setting of excessive bail. Having failed to identify the elements of such a cause of action, plaintiff has also failed to supply allegations making it *plausible* that she could satisfy each of those elements *as to Freeman and Schuster (rather than as to the prosecutor).* The Court will afford plaintiff a chance to correct this deficiency. However, plaintiff is advised not to re-assert this claim unless she can (1) identify the ele-

ments of an appropriate cause of action *against these officers* related to bail and (2) provide allegations making it plausible that she could establish each element against them, addressing the arguments raised by Defs.' Opp. at 5–6.

Count Six asserts *Monell* claims against the County and City alone, SAC ¶¶ 77–84, not against Freeman and Schuster. Taking the October 18, 2012 Order and today's Order together, Count Six is out of the case.

■ Count Seven asserts claims for false arrest and false imprisonment against Freeman and Schuster in relation to the felony charges, while Eight asserts the same claims in relation to the misdemeanor charges, *see* SAC ¶¶ 85–106. As the Ninth has stated in a section 1983 case arising in California, "a person [who] accuses another of a crime is liable for false imprisonment if the accuser knowingly makes false statements to the police with the intent to induce an arrest; and for the purpose of imposing confinement on the accused or with knowledge that confinement will, to a substantial certainty, result from the accusation." *Arpin v. Santa Clara Valley Trans. Agency*, 261 F.3d 912, 925–26 (9th Cir.2001) (citation omitted); see also *Mirmehdi v. US*, 689 F.3d 975, 985 n. 9 (9th Cir.2012). Here too plaintiff has provided sufficient notice of the nature of the claims for purposes of the "liberal" Rule 8(a) standard (*Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir.2011)) and, further, made it at least plausible that she could recover from these officers, as required by 12(b)(6). *See generally Lacey v. Maricopa Cty.*, 693 F.3d 896, 922–23 (9th Cir.2012) (*en banc*) (acknowledging that *Iqbal*'s interpretation of Rule 12(b)(6) requires more than mere Rule 8(a) notice pleading, but holding that § 1983 plaintiff stated a claim for false arrest under 12(b)(6)); *cf. Arpin*, 261 F.3d at 925–26 (plaintiff stated a claim for false imprison-

ment on which relief could be granted); *contrast Schwenk v. Chula Vista Police Dep't*, 2012 WL 1354055 (S.D.Cal. Apr. 18, 2012) (dismissing section 1983 false-imprisonment claim for failure to state a claim).

■ Finally, Count Nine, Conspiracy to Deprive Plaintiff of Her Constitutional Rights to Due Process of Law, plainly do assert claims against Freeman and Schuster for a number of constitutional wrongs, "including, but not limited to: fabricating lies; . . . maliciously procuring a search warrant on December 4, 2009 (regarding the felony charges), without probable cause; . . . willfully and knowingly without probable cause for the arrest, search and seizure of the Plaintiff and/or the continued detention of the Plaintiff on December 4, 2009, and again on October 25, 2010 (regarding the misdemeanor charges)." The Court finds that Count Nine contains potentially appropriate claims to be asserted against police officers in this context, and they could provide notice of the general nature of the claims against them for purposes of Rule 8(a). Beyond that, for purposes of Rule 12(b)(6), Count Nine, however inartfully pled, makes it plausible—if not necessarily likely—that plaintiff might recover against these officers. *Cf. Dugan v. County of Los Angeles*, 2012 WL 1161638, *3–4 (C.D.Cal. Apr. 9, 2012) (Wright, J.) (partially denying Rule 12(b)(6) motion to dismiss and holding that plaintiff adequately stated a claim for false arrest by alleging that police officers filed false reports and booked him on false charges).

In short, the SAC is hardly a paragon of clarity and organization, and it is a close call whether the claims against the police officers also should be dismissed for failure to state a claim. The bail claims in Counts Four and Five do not pass muster under Rule 12(b)(6), and plaintiff should carefully consider whether to re-assert those claims

against the police officers at all. But plaintiff's other allegations against the police officers are sufficient—albeit barely—to survive dismissal for failure to state a claim as to counts one, two, seven, eight, and nine. *Cf. Howard v. Baca*, 2011 WL 5570086, *9 (C.D.Cal. Sept. 27, 2011) ("*Although a close call*, the Court finds that these allegations are sufficient to state an Eighth Amendment claim as to Defendant Junious ... under the Rule 12(b)(6) analysis.") (emphasis added), *R & R adopted*, 2011 WL 5570142 (C.D.Cal. Nov. 15, 2011) (Walter, J.). **Out of an abundance of caution, the Court will permit plaintiff one last opportunity to assemble those allegations into suitably clear and organized claims against Freeman and Schuster whose success is plausible.** *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir.1990) (leave to amend is warranted if the deficiencies can be cured with additional allegations that are "consistent with the challenged pleading" and that do not contradict the allegations in the previous complaint). The Court makes this decision based on its consideration of "five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *US v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.2011) (citation omitted).

Finally, the Court notes that if plaintiff files a third amended complaint, the police officers will be free to file either a renewed Rule 12(b)(6) motion or a motion for summary judgment. *Cf. Tirey v. Strecker*, 2008 WL 1711102, *2 (D.Mont. Apr. 10, 2008) (denying 12(b)(6) motion and reasoning, "*While undoubtedly a close call*, Tirey's complaint against Ullom meets the threshold of a 'short and plain statement of the claim showing the pleader is entitled to relief.' If Tirey has no detailed factual evidence to support his allegations, his claim will likely fail should Ullom challenge it through a motion for summary judgment. At this stage, however, Tirey's complaint against Ullom may proceed.") (emphasis added); *Hammond v. Briley*, 2004 WL 413293, *4 (N.D.Ill. Jan. 29, 2004) (granting summary judgment to defense in § 1983 action, court explained, "Although the court previously denied the defendants' motion to dismiss the complaint for failure to state a claim, the court noted that the plaintiffs' claims were 'borderline' and that denial of the motion to dismiss was a 'somewhat close call.' The more fully developed record ... establishes that the defendants are entitled to judgment as a matter of law.").

*Declining Supplemental Jurisdiction Over State–Law Claims Against the City and Police Department*

Title 28 U.S.C. section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over" state-law claims "if—the district court has dismissed all claims over which it has original jurisdiction." The United States Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and economy—will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In turn, the Ninth Circuit sitting *en banc* has re-emphasized its adherence to the Supreme Court's statement that state-law claims "should" be dismissed if all the federal claims have been dismissed short of trial. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) (*en banc*), *supplemented on other grounds*, No. 95–16666,

121 F.3d 714, 1997 WL 525450 (9th Cir. Oct. 1, 1997).

"As none of the parties raise any extraordinary or unusual circumstances suggesting that the court should retain jurisdiction over plaintiff[']s state-law claims in the absence of any federal claims," *Molaris v. County of Sierra*, 2012 WL 170159, *4 (E.D.Cal. Jan. 19, 2012), the Court will exercise its discretion to decline jurisdiction over the state-law claims against the City and its Police Department. *See, e.g., McInerney v. City & County of San Francisco*, 466 Fed.Appx. 571, 573 (9th Cir. 2012) (stating, on review of district court's decision to decline supplemental jurisdiction over state-law claims, "There was no abuse of discretion because the district court had dismissed or granted judgment on all of McInerney's federal claims.") (citing 28 U.S.C. § 1367(c)(3) and *CMU*, 484 U.S. at 350 n. 7, 108 S.Ct. 614 and *Acri*, 114 F.3d at 1000); *Porto v. City of Newport Beach*, 2011 WL 2470128, *12 (C.D.Cal. May 20, 2011), *R & R adopted w/o op.*, 2011 WL 2462555 (C.D.Cal. June 21, 2011) (David Carter, J.); *Staves v. City of Los Angeles*, 2010 WL 2942769, *4 (C.D.Cal. June 15, 2010) ("Because all of Plaintiff's federal civil rights claims are time-barred, supplemental jurisdiction over Plaintiff's State[-]law claims should be declined."), *R & R adopted w/o op.*, 2010 WL 2942767 (C.D.Cal. July 19, 2010) (Cormac Carney, J.).

As for the state-law claims against the officers, they are best addressed by this Court, if at all, only after plaintiff has filed a third amended complaint and the officers have had an opportunity to move for dismissal or summary judgment on the *federal* claims. This is because dismissal of the federal claims would customarily lead the Court to decline supplemental jurisdiction over the state-law claims against these officers as well.

*The Court Need Not Consider Plaintiff's Requests for Punitives and Attorney's Fees at this Juncture*

Because the Court is dismissing the federal claims against the City and Police Department with prejudice and declining supplemental jurisdiction over the state-law claims against the City and Police Department, there is no need to consider plaintiff's requests for punitive damages on those claims, *see* SAC ¶¶ 35, 54, 62, 69, 76, 94, 106, and 116, and SAC Prayer for Relief at 20–23. Requests for damages and attorney's fees are not independent causes of action. *See London v. Sears, Roebuck & Co.*, 458 Fed.Appx. 649, 651 (9th Cir.2011) ("Because we affirm the district court's summary judgment dismissal, we need not consider London's claims for punitive damages."); *Nelson v. Original Smith & Wesson Business Entities*, 2010 WL 7125186, *4 (D.Alaska May 18, 2010) ("The motion to dismiss ... is granted with respect to Counts 1, 2, 3, and 4.... The Court need not address Counts 5 and 6 for damages and punitive damages, as such claims are not independent causes of action."), *recon. denied*, 2010 WL 7125187 (D.Alaska June 14, 2010), *aff'd*, 449 Fed. Appx. 581 (9th Cir.2011).

As for Freeman and Schuster, plaintiff's requests for punitive damages and attorneys fees against them remain pending. It is premature to consider the appropriate form of relief, however, until and unless plaintiff wins a judgment on one of these claims. *See Jarvis v. Allstate Ins. Co.*, 2012 WL 3647452, *2 (D.Mont. Aug. 23, 2012) (denying motion for partial summary judgment and noting that "attorneys fees issues ... are premature at this time"); *Hulihan v. Reg. Transp. Comm'n of So. Nevada*, 2012 WL 2060955, *2 (D.Nev. June 7, 2012) ("[T]his Court denied without prejudice Defendants' Motion for Attorney's Fees and Costs as premature because there has yet to be an entry of final

judgment...."), *COA den.*, 2012 WL 3135681 (D.Nev. Aug. 1, 2012).

***Accordingly, the Motion to Dismiss filed by the Newport Beach Defendants [Doc # 69] is GRANTED in part and DENIED in part as follows:***

— Pursuant to Fed.R.Civ.P. 12(b)(6), all federal claims against City of Newport Beach and Newport Beach

— Police Department are **DISMISSED with prejudice** for failure to state a claim.

— Pursuant to 28 U.S.C. § 1367(c), the Court **DECLINES** supplemental jurisdiction over all state-law claims against City of Newport Beach and Newport Beach Police Department.

— City of Newport Beach and Newport Beach Police Department are **TERMINATED** as parties defendant.

— The motion to dismiss the claims against Newport Beach Detective Penny Freeman and Newport Beach Police Officer Neal Schuster for failure to state a claim is **DENIED without prejudice.**

Only two defendants remain in this case:

Newport Beach Detective Penny Freeman and Newport Beach Police Officer Neal Schuster.

**No later than Friday, November 30, 2012, plaintiff MAY FILE a Third Amended Complaint which:**

(1) deletes *all* claims and allegations which plaintiff agreed to delete in the July 2012 Joint Report;

(2) deletes *all* claims and allegations against any party other than Freeman and Schuster;

(3) supplies any additional factual allegations, *relevant to the surviving claims against Freeman and Schuster,* that the plaintiff may find appropriate in light of this opinion;

**Each count shall contain** only one distinct claim under federal law or one claim under state law.

**No claim shall be** asserted or discussed in more than one count.

Plaintiff **shall not** add any new parties, claims, or theories of recovery.

If plaintiff fails to file a third amended complaint that complies with the foregoing, the Court **MAY** dismiss this action with prejudice, without further notice or hearing, for lack of prosecution and/or failure to comply with Court Orders. *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) ("It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'") (citing *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993)).

The deadlines and proceedings in this case are scheduled as follows:

| | |
|---|---|
| Non–Expert Discovery must be completed by: | January 28, 2012 |
| Dispositive Motions must be filed by: | March 1, 2013 |
| Expert Disclosure and Report deadline: | March 5, 2013 |
| Settlement conference completion date: | April 5, 2013 |
| Motion *in limine* filing deadline: | April 15, 2013 |
| Final Pretrial Conference: | May 15, 2013 at 3:00 p.m. |
| Jury trial will commence on: | June 10, 2013 at 9:00 a.m. |

IT IS SO ORDERED.

This is *not* a final and immediately appealable order pursuant to 28 U.S.C. § 1291, because claims remain pending against Freeman and Schuster.